IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KENNY DREW SAYRE,

          Plaintiff,

v.                              CIVIL ACTION NO.  5:05-cv-00016
                              and 5:05-cv-0131 (consolidated)

THOMAS MCBRIDE,

          Defendant.

**MEMORANDUM OPINION**

By Order filed on March 21, 2005, United States Magistrate Judge R. Clarke VanDervort consolidated Plaintiff's cases, Civil Action No. 5:05-cv-0016 and Civil Action No. 5:05-cv-0131, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  By Standing Order entered on July 21, 2004, and filed in these cases on January 14, 2005, this consolidated action was referred to Magistrate Judge VanDervort for submission of proposed findings and a recommendation ("PF&R"). The magistrate judge filed his PF&R on August 21, 2006 [Docket 29].  In that filing, he recommended that this Court grant Defendant's motion for summary judgment, and remove these cases from the Court's docket.

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this

Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to Magistrate Judge VanDervort's PF&R were due by September 28, 2006, pursuant to the Court's Order granting Plaintiff an extension of time to file objections [Docket 31]. Plaintiff filed his objections on September 14, 2006 [Docket 32].

## I. BACKGROUND

The Court incorporates by reference the factual and procedural history of these cases set forth in the PF&R. Magistrate Judge VanDervort recommended that Defendant's motion for summary judgment be granted because Plaintiff failed to exhaust the prison's administrative remedies on all of his claims prior to filing these actions as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). Alternatively, the magistrate judge concluded that Defendant could not be held responsible for Plaintiff's claims under a theory of supervisor liability.

## II. OBJECTIONS TO PF&R

The Court received no objection from Plaintiff in response to the recommendation that it find that Plaintiff failed to properly exhaust the prison's available administrative remedies. *See Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 676 (4th Cir. 2004) ("There is no doubt that PLRA's exhaustion requirement is mandatory."); *see also Dale v. Lappin*, 376 F.3d 652, 654 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (citations omitted). Instead, Plaintiff's objections simply reiterate the factual allegations surrounding his medical problems set forth in the complaint and his response to Defendant's motion for summary judgment. These allegations do not

relate to the proposed finding that he failed to exhaust his administrative remedies, and therefore, to the extent that any of his factual allegations can be construed as objections to the magistrate judge's finding that Plaintiff failed to exhaust his administrative remedies, they are **OVERRULED**.

In light of the Supreme Court's opinion in *Jones v. Bock*, ___ U.S. ___, 2007 U.S. LEXIS 1325, 2007 WL 135890 (U.S. Jan. 22, 2007), issued after the PF&R was filed, the Court will not adopt the portion of the PF&R that discusses the "total exhaustion rule" that had been adopted in this district. However, the Court adopts the magistrate judge's finding that Plaintiff failed to exhaust the administrative remedies on each and all of his claims, and therefore the invalidation of the "total exhaustion rule" does not affect Magistrate Judge VanDervort's recommendation.

Having already found that Plaintiff failed to exhaust his administrative remedies with respect to all of his claims, the Court need not address whether Defendant could be held liable in his role as a supervisory official.

### III.   CONCLUSION

Based on the reasons stated above, the Court adopts the recommendation contained in the PF&R, and **GRANTS** Defendant's motion for summary judgment [Docket 22].  A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER:       February 20, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE